Parker, Respondent, vs. Tax Commission, Appellant.

*September 13—October 12, 1937.*

For the appellant there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

For the respondent there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* and oral argument by *Hiram M. Nowlan,* all of Janesville.

ROSENBERRY, C. J. The income tax law is embodied in ch. 71, Wisconsin Statutes. Sec. 71.04 (4), Stats. 1931, provides:

"71.04    *Deductions from incomes of persons other than corporations.* Persons other than corporations, in reporting incomes for purposes of taxation, shall be allowed the following deductions : . . .

"(4) Dividends, except those provided in section 71.02 (2) (b) 2 and 3, received from any corporation conforming to all of the requirements of this subsection. Such corporation must have filed income tax returns as required by law and the income of such corporation must be subject to the income tax law of this state. . . ."

In ascertaining a taxpayer's net income for purposes of the normal state income tax, the law provides that the taxpayer may deduct from his gross income,—

"(6) Taxes other than inheritance and special improvement taxes upon the property or business from which the income hereby taxed is derived paid by such persons during

the year, including therein taxes imposed by the state of Wisconsin or the United States government as income taxes; . . . *and provided further, that deductions for income taxes paid to the United States government shall be limited to taxes paid on net income which is taxable under this chapter. . . .*"

Ch. 29, Laws of Sp. Sess. 1931–32, provides as follows:

"Section 4. *Emergency income tax. . . .*

"(2) The emergency tax on incomes levied in this section shall be assessed, collected and paid in the same manner, upon the same income, and at the same time as provided by law for the assessment, collection and payment of the normal income tax on persons other than corporations, with the following variations: . . .

"(c) Subsection 4 of section 71.04 allowing a deduction to persons other than corporations of certain dividends [those paid by Wisconsin corporations] received by them shall not be applicable."

The effect of the enactment of this section was to wipe out the right to deduct from the individual taxpayer's income the amount received by way of dividends on Wisconsin corporations which had paid the normal income tax under ch. 71, so that for emergency income tax purposes such dividends become taxable. Section 4 (3) then provides:

"(3) The exemption specified in section 71.05 shall apply to the emergency income taxes herein imposed (except that exemption for each dependent child shall be six dollars), *as shall all other provisions of law governing normal income taxes, except as otherwise expressly provided in this section.* Section 71.26 relating to the teachers' retirement surtax shall not apply."

It is the contention of the plaintiff that the language of sub. (3), which makes applicable "all other provisions of law governing normal income taxes," makes sec. 71.04 (6) a part of ch. 29, Laws of Sp. Sess. 1931–32, and therefore the proviso contained in sec. 71.04 (6)—

". . . that deductions for income taxes paid to the United States government shall be limited to taxes paid on net income which is taxable under this chapter . . ."

applies; that, having incorporated sub. (6) in ch. 29, Laws of Sp. Sess. 1931–32, the words "taxable under this chapter" mean "taxable under ch. 29." The state claims that the words "under this chapter," considered in their proper context, refer to ch. 71 of the statutes; that under ch. 71 it is contended such dividends are not taxable, and therefore the amount paid to the federal government is not deductible.

The words "taxable under this chapter" occur three times in ch. 71,—in sec. 71.02 (3) (a) where it is provided: ·

". . . or if the method used does not clearly reflect the income taxable under this chapter, the computation shall be made upon such basis. . . ."

They occur in sec. 71.03 (4), relating to deductions from gross income of corporations, the language being practically identical with sec. 71.04 (6). In each instance the reference is clearly to ch. 71.

The question is, Did the legislature by the use of the language contained in section 4 (3), which provides: "All other provisions of law governing normal income taxes [shall apply]," make the applicable provisions of ch. 71 a part of ch. 29, and so increase the amount deductible for emergency income tax purposes by allowing a deduction of the amount paid the United States government on the normal income which was not taxable under ch. 71, but which became taxable for emergency purposes under ch. 29? The income which is referred to in sec. 71.04 (6) is the normal income under ch. 71; that income never became subject to taxation for the normal income tax, but was made subject to taxation for emergency tax purposes. It was therefore not taxable under ch. 71 but under ch. 29. The words "which is taxable under this chapter" mean "which is taxable under ch. 71." If the statute had been so written it could not possibly be claimed that "taxable under this chapter" means "taxable under ch. 29."

It is considered that the trial court was in error in holding that the amount of taxes paid by the plaintiff to the United States government on the dividends received from Wisconsin corporations in 1930 was deductible for emergency tax purposes under ch. 29.

*By the Court.*—Judgment reversed, with directions to affirm the determination of the Tax Commission.